# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMEY JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>DENNIS DEVALKENAERE, CARLOS RUTHERFORD, KEVIN KLEMSTINE, JAMES HUTCHINSON, SCOTT SCHMITZ, ERIK GULBRANDSON, and PATRICK PAJOT,<br><br>    Defendants. | Case No. 18-CV-446-JPS<br><br>**ORDER** |

On March 20, 2018, Plaintiff filed a *pro se* complaint alleging that his civil rights were violated when he was included in a post-indictment line-up without counsel present. (Docket #1). The Court screened the case and allowed the Plaintiff to proceed on his Sixth Amendment claim, but temporarily stayed the case pending resolution of the underlying state criminal case. (Docket #12).

On June 27, 2018, Plaintiff informed the Court that the Wisconsin Supreme Court denied his petition for review of the Wisconsin Court of Appeals' order affirming his conviction and sentence. (Docket #15). On July 5, 2018, the Court reopened the case and ordered service on Defendants. (Docket #17). On August 3, 2018, all defendants except Kevin Klemstine ("Klemstine") returned an executed waiver of service. (Docket #19–24). On November 28, 2018, after nearly five months of attempted service, the U.S. Marshals Service returned an unexecuted summons as to Klemstine. (Docket #33). If a defendant is not served within 90 days after the complaint is filed, Federal Rule of Civil Procedure 4(m) requires the Court to dismiss

the action without prejudice as to the un-served defendant. Therefore, the action will continue without Klemstine as a defendant, though Plaintiff is free to continue to attempt service on Klemstine.

Additionally, on October 29, 2018, Plaintiff filed a motion to supplement his complaint with various exhibits related to the allegedly unconstitutional line-up. (Docket #32). Supplemental pleadings are permitted when the party seeks to "set[] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The exhibits that Plaintiff seeks to add are all directly related to the allegedly unconstitutional line-up about which he originally complained; therefore, supplemental pleading is not warranted. (*See* Docket #32-1). Indeed, these exhibits do not need to be included with the complaint at all. *See* Fed. R. Civ. P. 8(a) (requiring a "short, plain statement of the claim showing that the pleader is entitled to relief."). Plaintiff may choose to submit these documents as evidence as the case progresses.

Now that all parties have appeared in the action, the Court will issue a scheduling order to govern further proceedings.

Accordingly,

**IT IS ORDERED** Defendant Kevin Klemstine be and the same is hereby **DISMISSED** from this action **without prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement the complaint (Docket #32) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of December, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge