# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMEY JACKSON,<br><br>      Plaintiff,<br><br>v.<br><br>DENNIS DEVALKENAERE, CARLOS RUTHERFORD, JAMES HUTCHINSON, SCOTT SCHMITZ, ERIK GULBRANDSON, and PATRICK PAJOT,<br><br>      Defendants. | Case No. 18-CV-446-JPS<br><br>**ORDER** |

   This case comes before the Court on Plaintiff's allegations that his Sixth Amendment rights were violated when he was placed in a lineup without counsel present. (Docket #1, #12). On February 22, 2019, Defendants, who are all Milwaukee Police Department ("MPD") officers, filed a motion for judgment on the pleadings, alleging that qualified immunity protects them against liability because it was unclear whether the right to counsel had attached when they conducted the lineup. (Docket #37). That motion is fully briefed, and for the reasons explained below, will be granted. Plaintiff also filed a motion to clarify or, in the alternative, compel, certain discovery responses. (Docket #41). Because the motion for judgment on the pleadings will be granted, the motion to clarify or, in the alternative, compel, will be denied as moot.

**1.  LEGAL STANDARD**

   Federal Rule of Civil Procedure Rule 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties.

*Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). To survive a challenge under Rule 12(c) or 12(b)(6), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the. . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak v. City of Chi.*, 810 F.3d 476, 480 (7th Cir. 2016) (citation omitted). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* at 480–81.

2. **RELEVANT ALLEGATIONS**

On May 28, 2014, Plaintiff was arrested by the MPD for an attempted homicide. Allegedly, Plaintiff had engaged in a gun battle with another person, and a nearby child was struck with a stray bullet. (Docket #1-1 at 2; Docket #12 at 3). After Plaintiff was booked at the Milwaukee County Jail, two MPD officers attempted to interview him about the incident. (Docket #1 at 2). He declined to speak without counsel present, so the interview promptly ended. *Id.*

The next day, on May 29, 2014, one of the officers filed an affidavit regarding the shooting incident with Milwaukee County Circuit Court Commissioner Rosa Barillas ("Commissioner Barillas"). *Id.* The officer sought a probable cause determination so as to justify Plaintiff's continued detention. Commissioner Barillas found probable cause to support the

charged crimes—homicide and a probation violation—and set Plaintiff's bail at $250,000. *Id.* at 2–3.

The day after that, as part of their investigation of the shooting, Defendants required Plaintiff to participate in an identification lineup. *Id.* at 3. Plaintiff was unwilling to participate in the lineup, and was not offered or afforded counsel during this process. *Id*. At the lineup, witnesses to the shooting positively identified Plaintiff as the opponent in the shootout. (Docket #12 at 4).

**3. ANALYSIS**

The Defendants do not dispute that Plaintiff's Sixth Amendment rights were violated when he was denied counsel at the police lineup. Rather, they contend that, pursuant to the doctrine of qualified immunity, the law was not so clearly established that a reasonable officer would have known that Plaintiff was entitled to counsel during the lineup. The Court agrees with Defendants for the reasons explained below.

**3.1 Qualified Immunity**

Qualified immunity shields officials from the civil consequences of their constitutional violations when the law did not put the officials on clear notice that their conduct would be unlawful. *Saucier v. Katz*, 533 U.S. 194, 202 (2001); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding that the doctrine protects officials from civil liability when they perform discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."). "Put simply," says the Supreme Court, "qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). The test for qualified immunity is (1)

whether the defendants' alleged actions violated the plaintiff's constitutional rights; and (2) "whether the implicated right was clearly established at the time." *Jones v. Wilhelm*, 425 F.3d 455, 461 (7th Cir. 2005). Once the defense is raised, the plaintiff bears the burden to defeat it. *Weinmann v. McClone*, 787 F.3d 444, 450 (7th Cir. 2015).

To overcome an assertion of qualified immunity, Plaintiff must first proffer facts which, if believed, amount to a violation of his constitutional rights. *Katz*, 533 U.S. at 201. The parties do not dispute that Plaintiff's Sixth Amendment rights were violated, so the Court will focus its analysis on whether the law was clearly established such that reasonable officers would know that their conduct violated the Constitution. A right is clearly established if it would be obvious to a reasonable state actor that "what they are doing violates the Constitution, or if a closely analogous case establishes that the conduct is unconstitutional." *Siebert v. Severino*, 256 F.3d 648, 654–55 (7th Cir. 2001). Factually identical precedent is not necessary; the guiding question is whether the official would have had "fair warning" that the conduct was unconstitutional. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). "In determining whether a defendant's alleged actions violated a clearly established right, courts may properly take into account any information the defendant ought reasonably to have obtained." *Jones*, 425 F.3d at 461.

It is well-established that the right to counsel is "pegged. . .to 'the initiation of adversary judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.'" *Rothgery v. Gillespie Cty.*, 554 U.S. 191, 198 (2008) (citing and quoting *Kirby v. Illinois*, 406 U.S. 682, 689 (1972)). The question of *when* adversarial criminal proceedings begin has been the subject of some litigation, but the Supreme Court affirms that "a criminal defendant's initial

appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel." *Id.* at 213. In *Rothgery,* the Supreme Court found that the right to counsel attached at a combination bail/probable cause determination hearing, despite the fact that the hearing itself was not a critical stage, because the hearing signaled "the initiation of adversary judicial proceedings." *Id*. at 212.

Relatedly, the Supreme Court instructs judicial officers to make a determination of probable cause within 48 hours of an arrest. *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). In Wisconsin, it is common practice for judicial officers to make their probable cause determinations, and decide bail, based on papers that include a standard form entitled "Probable Cause Statement and Judicial Determination." *United States v. West*, No. 08-CR-157, 2009 WL 5217976, at *6–*7 (E.D. Wis. Mar. 3, 2009). This begins the adversarial process in much the same way as the hearing at issue in *Rothgery* did, except that in Wisconsin, the defendant is not required to appear before a judicial officer. *See* Wis. Stat. § 970.01 (permitting defendants to waive their initial appearances "if the initial appearance is conducted by telephone or live audiovisual means").

Against this legal landscape, post *Rothgery*, at least two courts in this circuit have determined that prosecution formally begins—and the right to counsel attaches—when a commissioner signs the probable cause determination forms. *West*, 2009 WL 5217976, at *9; *United States v. Mitchell*, No. 15-CR-47, 2015 WL 5513075, at *4 (E.D. Wis. Sept. 17, 2015); *but see State v. Garcia*, 915 N.W.2d 729 (Table); 2018 WL 1738747 (Wis. Ct. App. Apr. 10,

2018).[1] Accordingly, Plaintiff's right to counsel would have attached when Commissioner Barillas signed the probable cause determination and set his bail at $250,000.00. Thus, when he was subsequently forced into a lineup without counsel present, his Sixth Amendment rights were violated.

The question here, however, is whether this law was clearly established at the time of the violation, such that a reasonable officer would have known that Plaintiff was entitled to counsel during his lineup. While a post-indictment lineup is "a critical stage of the prosecution at which" the right of counsel attaches, *United States v. Wade*, 388 U.S. 218, 237 (1967), in this case, where there is no indictment, the result is less clear. There is certainly "grave potential for prejudice, intentional or not, in [a] pretrial lineup," *id.* at 236, and law enforcement cannot skirt constitutional concerns simply by conducting a lineup earlier in the proceedings. Nevertheless, the

---

[1]The appeals court in *Garcia* determined that *Rothgery* required an initial appearance before a judge in order for the right to counsel to attach. 2018 WL 1738747, at *4–*6. This Court wholeheartedly disagrees with the state court's interpretation of *Rothgery* due to the concerns expressed by the court in *West*:

> A conclusion regarding a defendant's Sixth Amendment right to counsel based on form, *i.e.* the physical appearance before a judicial officer, rather than substance, *i.e.* a judicial officer finding probable cause, fixing bail, and the arrestee being informed of the preliminary charges against him, would lay the groundwork for absurd results that are antithetical to constitutional aims.

*West*, 2009 WL 5217976, at *9. Regardless of the outcome of the state court's decision, however, *Garcia* demonstrates that the moment at which the right to counsel attaches has been a point of legal debate.

discussion above demonstrates that the moment at which the adversarial process is initiated has been slow to define itself. One of the most illustrative cases was decided over a year after the facts in Plaintiff's case arose, and the only other case on point was decided five years earlier. *Mitchell*, 2015 WL 5513075, at *4; *West*, 2009 WL 5217976, at *9. The Court must conclude that as of May 2014, it was not clearly established that the right to counsel attaches after the commissioner's probable cause determination. *See Jacobs v. City of Chi.*, 215 F.3d 758, 767 (7th Cir. 2000) (holding that a right is clearly established when there is "controlling Supreme Court precedent," a "clear trend in the caselaw," or "widespread compliance with a clearly apparent law"). However, this case should serve to define the contours of a defendant's right to counsel for the benefit of future officers.

**4.     CONCLUSION**

For the reasons explained above, the Court will grant Defendants' motion for judgment on the pleadings, and dismiss the case on qualified immunity grounds. Plaintiff's motion to clarify or to compel will be denied as moot.

Accordingly,

**IT IS ORDERED** that Defendants' motion for judgment on the pleadings (Docket #37) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to clarify (Docket #41) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 16th day of September, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge